## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MATTHEW SCIABACUCCHI, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. _____ |
| v. | ) ) ) | CLASS ACTION |
| PATHEON N.V., PAUL S. LEVY, JAMES C. MULLEN, DANIEL AGROSKIN, PHILIP EYKERMAN, WILLIAM B. HAYES, STEPHAN B. TANDA, HUGH C. WELSH, HANS PETER HASLER, PAMELA DALEY, JEFFREY P. MCMULLEN, GARY P. PISANO, THERMO FISHER SCIENTIFIC INC., and THERMO FISHER (CN) LUXEMBOURG S.À R.L., | ) ) ) ) ) ) ) ) ) ) ) ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on May 15, 2017 (the "Proposed Transaction"), pursuant to which Patheon N.V. ("Patheon" or the "Company") will be acquired by Thermo Fisher Scientific Inc. ("Parent") and its wholly-owned subsidiary, Thermo Fisher (CN) Luxembourg S.à r.l. ("Merger Sub," and together with Parent, "Thermo Fisher").

2.      On May 15, 2017, Patheon's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, Thermo Fisher commenced a

tender offer, set to expire on August 10, 2017, and stockholders of Patheon will receive $35.00 per share in cash.

3.     On May 31, 2017, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Patheon common stock.

9.     Defendant Patheon is a Netherlands corporation and maintains its principal executive offices at Evert van de Beekstraat 104, 1118, CN, Amsterdam Schiphol, The Netherlands.  Patheon's common stock is traded on the NYSE under the ticker symbol "PTHN."

10.     Defendant Paul S. Levy ("Levy") is a director of Patheon and has served as Chairman of the Board since March 2016.

11.     Defendant James C. Mullen ("Mullen") has served as a director and Chief Executive Officer ("CEO") of Patheon since February 2011.

12.     Defendant Daniel Agroskin ("Agroskin") has served as a director of Patheon since 2009.

13.     Defendant Philip Eykerman ("Eykerman") has served as a director of Patheon since March 2014.

14.     Defendant William B. Hayes ("Hayes") has served as a director of Patheon since March 2016.

15.     Defendant Stephan B. Tanda ("Tanda") has served as a director of Patheon since March 2016.

16.     Defendant Hugh C. Welsh ("Welsh") has served as a director of Patheon since March 2014.

17.     Defendant Hans Peter Hasler ("Hasler") has served as a director of Patheon since March 2016.

18.     Defendant Pamela Daley ("Daley") has served as a director of Patheon since March 2016.

19.     Defendant Jeffrey P. McMullen ("McMullen") has served as a director of Patheon since March 2016.

20.     Defendant Gary P. Pisano ("Pisano") has served as a director of Patheon since March 2016.

21.     The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

23.     Defendant Merger Sub is a private limited liability company organized under the laws of the Grand Duchy of Luxembourg, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Patheon (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25.     This action is properly maintainable as a class action.

26.     The Class is so numerous that joinder of all members is impracticable.  As of May 12, 2017, there were approximately 145,136,214 shares of Patheon common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the

Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

31.    Patheon is a leading global provider of pharmaceutical development and manufacturing services.

32.    With approximately 9,100 employees and contractors worldwide, Patheon provides a comprehensive, integrated, and highly customizable set of solutions to help customers of all sizes satisfy complex development and manufacturing needs at any stage of the pharmaceutical development cycle.

33.    On June 8, 2017, the Company issued a press release wherein it reported its financial results for the second quarter of 2017.  Among other things, revenue increased 8% year-over-year and earnings increased 13% year-over-year.  With respect to the results, Individual Defendant Mullen commented:  "During the second quarter we continued to build

momentum with customers and make strategic investments to support our long-term growth outlook."

34.     Nevertheless, the Board caused the Company to enter into the Merger Agreement, pursuant to which Patheon will be acquired for inadequate consideration.

35.     The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

36.     Further, the Company must promptly advise Thermo Fisher of any proposals or inquiries received from other parties.

37.     Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants Thermo Fisher a "matching right" with respect to any "Superior Proposal" made to the Company.

38.     Further locking up control of the Company in favor of Thermo Fisher, the Merger Agreement provides for a "termination fee" payable by the Company to Thermo Fisher if the Individual Defendants cause the Company to terminate the Merger Agreement.

39.     By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

40.     Additionally, the Company's majority stockholders have entered into tender and support agreements, pursuant to which they have agreed to tender their shares in the tender offer.

Accordingly, such shares are already locked up in favor of the Proposed Transaction.

41.     The merger consideration to be paid to plaintiff and the Class in the Proposed Transaction is inadequate.

42.     Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

43.     Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

44.     Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

45.     The Solicitation Statement omits material information regarding the Proposed Transaction, which renders the Solicitation Statement false and misleading.

46.     First, the Solicitation Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"), in support of its so-called fairness opinion.

47.     For example, with respect to Patheon's financial projections, the Solicitation Statement fails to disclose, *inter alia*: income (loss) from continuing operations; repositioning expenses; interest expense; foreign exchange losses; refinancing expenses; acquisition and integration costs; gains and losses on sale of capital assets; Biologics earnout income and expense; income taxes; impairment charges; remediation costs; depreciation and amortization; stock-based compensation expense; consulting costs related to operational initiatives; purchase

accounting adjustments; acquisition-related litigation expenses; other income and expenses; and a reconciliation of all non-GAAP to GAAP metrics.

48.    With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose:  (i) the unlevered free cash flows calculated by Morgan Stanley for Patheon; (ii) the range of terminal values for Patheon; (iii) the inputs and assumptions underlying the discount rate range of 7.7% to 8.9%; (iv) the inputs and assumptions underlying the perpetual growth rate range of 2.5% to 3.5%; and (v) Morgan Stanley's basis for performing the sensitivity analysis.

49.    With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Solicitation statement fails to disclose:  (i) the inputs and assumptions underlying the discount rate range of 9.8% to 11.7%; (ii) Patheon's next twelve months EBITDA as of October 31, 2018; and (iii) Patheon's projected net debt as of October 31, 2018.

50.    With respect to Morgan Stanley's *Precedent Transactions Analysis*, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Morgan Stanley in the analysis.

51.    With respect to Morgan Stanley's *Precedent Premia Analysis*, the Solicitation Statement fails to disclose the premia for the transactions observed by Morgan Stanley in the analysis.

52.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that

opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

53.     The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement:  "The Solicitation or Recommendation."

54.     Second, the Solicitation Statement omits material information regarding potential conflicts of interest of Morgan Stanley and the Company's officers and directors.

55.     For example, the Solicitation Statement fails to disclose Morgan Stanley's holdings in Thermo Fisher's and its affiliates' stock.

56.     Additionally, the Solicitation Statement fails to disclose the nature of the past services provided to Patheon, Thermo Fischer, and their affiliates.

57.     Full disclosure of all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

58.     Additionally, the Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment and/or directorship of Patheon's officers and directors, including who participated in all such communications.

59.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

60.     The omission of this material information renders the Solicitation Statement false

and misleading, including, *inter alia*, the following sections of the Solicitation Statement: (i) "The Solicitation or Recommendation"; and (ii) "Past Contacts, Transactions, Negotiations and Agreements."

61.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Patheon's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

62.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63.    Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

64.    Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

65.    The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

66.    The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

67.    By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

68.    The omissions in the Solicitation Statement are material in that a reasonable

shareholder will consider them important in deciding whether to tender their shares in connection

with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available.

69.      Defendants knowingly or with deliberate recklessness omitted the material

information identified above in the Solicitation Statement, causing statements therein to be

materially incomplete and misleading.

70.      By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

71.      Because of the false and misleading statements in the Solicitation Statement,

plaintiff and the Class are threatened with irreparable harm.

72.      Plaintiff and the Class have no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

73.      Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

74.      Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or
reject a tender offer or request or invitation for tenders shall be made in
accordance with such rules and regulations as the Commission may prescribe as
necessary or appropriate in the public interest or for the protection of investors.

75.      Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to
in section 14(d)(1) of the Act with respect to a tender offer for such securities
shall include the name of the person making such solicitation or recommendation
and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-
101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be

necessary to make the required statements, in light of the circumstances under which they are

made, not materially misleading."

76.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

77.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

78.     The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

79.     Plaintiff and the Class have no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Thermo Fisher)**

80.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

81.     The Individual Defendants and Thermo Fisher acted as controlling persons of Patheon within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Patheon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

82.     Each of the Individual Defendants and Thermo Fisher was provided with or had

unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

83.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Solicitation Statement.

84.    Thermo Fisher also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

85.    By virtue of the foregoing, the Individual Defendants and Thermo Fisher violated Section 20(a) of the 1934 Act.

86.    As set forth above, the Individual Defendants and Thermo Fisher had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

87.    As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

88.    Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.      Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  June 20, 2017                          **RIGRODSKY & LONG, P.A.**

                                        By:   */s/ Timothy J. MacFall*
                                              _____
                                              Timothy J. MacFall
                                              825 East Gate Boulevard, Suite 300
                                              Garden City, NY 11530
                                              (516) 683-3516

                                              Brian D. Long
**OF COUNSEL:**                               Gina M. Serra
                                              2 Righter Parkway, Suite 120
**RM LAW, P.C.**                              Wilmington, DE 19803
Richard A. Maniskas                           (302) 295-5310
1055 Westlakes Drive, Suite 3112
Berwyn, PA 19312                              *Attorneys for Plaintiff*
(484) 324-6800